**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| TOMMIE LAWSON LYNEX, | ) | NO. CV 14-9683-DOC(E) |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER OF DISMISSAL |
| | ) | |
| K. HOLLAND (Warden), | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

On December 18, 2014, Petitioner, a state prisoner, filed a "Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241" ("the Petition"). Petitioner's continuing detention in state prison is the product of Petitioner's 2000 conviction and sentence in Los Angeles Superior Court case No. PA034126 (See Attachments to Petition). Petitioner previously challenged this same conviction and sentence in a prior habeas corpus petition filed in this Court. See Lynex v. Garcia, CV 03-5742-AHS(SGL). On August 25, 2004, this Court entered Judgment in Lynex v. Garcia, CV 03-5742-AHS(SGL), denying and dismissing the prior petition on the merits with prejudice.

///

The present Petition seeks to challenge, <u>inter alia</u>, the Superior Court's denial of probation, the accuracy or completeness of the probation report submitted to the Superior Court and the alleged failure of the Superior Court to afford Petitioner the right of "persuasive allocution" at sentencing (Petition at (1)-(5)).  The Petition prays for, <u>inter alia</u>, a reduction of Petitioner's sentence to "time served" and an order discharging him from state prison (Petition at (5)).

The Court must dismiss the present Petition in accordance with 28 U.S.C. section 2244(b) (as amended by the "Antiterrorism and Effective Death Penalty Act of 1996").  Section 2244(b) requires that a petitioner seeking to file a "second or successive" habeas petition first obtain authorization from the Court of Appeals.  <u>See</u> <u>Burton v. Stewart</u>, 549 U.S. 147, 157 (2007) (where petitioner did not receive authorization from Court of Appeals before filing second or successive petition, "the District Court was without jurisdiction to entertain [the petition]"); <u>Barapind v. Reno</u>, 225 F.3d 1100, 1111 (9th Cir. 2000) ("the prior-appellate-review mechanism set forth in § 2244(b) requires the permission of the court of appeals before 'a second or successive habeas application under § 2254' may be commenced").  A petition need not be repetitive to be "second or successive," within the meaning of 28 U.S.C. section 2244(b).  <u>See, e.g.</u>, <u>Thompson v. Calderon</u>, 151 F.3d 918, 920-21 (9th Cir.), <u>cert. denied</u>, 524 U.S. 965 (1998); <u>Calbert v. Marshall</u>, 2008 WL 649798, at *2-4 (C.D. Cal. Mar. 6, 2008).  Petitioner evidently has not yet obtained

///

///

2

1   authorization from the Ninth Circuit Court of Appeals.[1]  Consequently,
2   this Court cannot entertain the present Petition.  <u>See Burton v.</u>
3   <u>Stewart</u>, 549 U.S. at 157; <u>Remsen v. Att'y Gen. of Calif.</u>, 471 Fed.
4   App'x 571, 571 (9th Cir. 2012) (if a petitioner fails to obtain
5   authorization from the Court of Appeals to file a second or successive
6   petition, "the district court lacks jurisdiction to consider the
7   petition and should dismiss it.") (citation omitted).

8

9       The fact that Petitioner styled the present Petition as a
10  petition under section 2241 rather than 2254 cannot change the result
11  herein.  Section 2254 "is the exclusive avenue for state court
12  prisoner to challenge the constitutionality of his detention."  <u>White</u>
13  <u>v. Lambert</u>, 370 F.3d 1002, 1007 (9th Cir.), <u>cert. denied</u>, 543 U.S. 991
14  (2004), <u>overruled on other grounds</u>, <u>Hayward v. Marshall</u>, 603 F.3d 546
15  (9th Cir. 2010), <u>abrogated on other grounds</u>, <u>Swarthout v. Cooke</u>, 131
16  S. Ct. 859 (2011).  Consequently, "a state habeas petitioner may not
17  avoid the limitations imposed on successive petitions by styling his
18  petition as one pursuant to 28 U.S.C. § 2241 rather than 28 U.S.C. §
19  2254."  <u>Moore v. Reno</u>, 185 F.3d 1054, 1055 (9th Cir. 1999), <u>cert.</u>
20  <u>denied</u>, 528 U.S. 1178 (2000); <u>accord</u> <u>Greenawalt v. Stewart</u>, 105 F.3d
21  1287, 1288 (9th Cir.), <u>cert. denied</u>, 519 U.S. 1103 (1997); <u>Stanton v.</u>

22

23          [1]     The Court takes judicial notice of the docket of the
24  United States Court of Appeals for the Ninth Circuit, available
    on the PACER database.  <u>See Mir v. Little Company of Mary Hosp.</u>,
25  844 F.2d 646, 649 (9th Cir. 1988) (court may take judicial notice
    of court records).  The Ninth Circuit's docket does not show that
26  any individual named Tommie Lynex has obtained any order from the
    Ninth Circuit permitting the filing of a second or successive
27  habeas petition in this Court.  To the contrary, on December 1,
    2014, the Ninth Circuit denied authorization for an individual
28  named Tommie Lynex to file a second or successive petition.  <u>See</u>
    <u>Lynex v. Holland</u>, No. 14-72380.

Law, 2008 WL 4679085, at *1-2 (D. Mont. Oct. 22, 2008), aff'd, 404 Fed. App'x 158 (9th Cir. 2010).[2]

The fact that Petitioner characterizes the present Petition as a challenge to the "execution of sentence" also cannot change the result herein.  When a petition seeks to challenge the validity of the sentence imposed by the trial court, the petitioner cannot avoid the limitations on second or successive petitions by mischaracterizing the petition as a challenge to the "execution of sentence."  See, e.g., Tyler v. Hartley, 2012 WL 2365896, at *1-2 (C.D. Cal. March 20, 2012), adopted, 2012 WL 1698357 (C.D. Cal. May 14, 2012).  The present Petition plainly seeks to challenge the validity of the sentence imposed by the trial court.

///
///
///
///
///
///
///
///
///
///

For all of the foregoing reasons, the Petition is denied and

---

[2]     This Court rebuffed a previous attempt by Petitioner to bring a "section 2241" petition challenging his 2000 Los Angeles Superior Court judgment.  See Lynex v. California Department of Corrections and Rehabilitation, CV 14-4834-DOC(E).

1 | dismissed without prejudice.

3 |     LET JUDGMENT BE ENTERED ACCORDINGLY.

5 |         DATED:   January 4, 2015                     .

7 |                  _____
8 |                       DAVID O. CARTER
                     UNITED STATES DISTRICT JUDGE

11 | PRESENTED this 22nd day of
12 | December, 2014, by:

14 | _____/S/_____
        CHARLES F. EICK
15 | UNITED STATES MAGISTRATE JUDGE